861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maria PESTE, Ioan (Joan) Peste, Nicolae Vecerdea, Elena
Vecerdea, Dumitru Saulean, Veta Saulean, Ioan
(Joan) Oltean, Maria Oltean, George
Marcu, Trandafira Marcu,
Plaintiffs-Appellants,
v.
The Honorable R.R. CLUNK, Judge of Common Pleas Court, Stark
County Probate Division, Defendant-Appellee.
 No. 87-4030.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 I.
 PER CURIAM:
 
 
 1
 The plaintiffs in this action, citizens and residents of Romania, filed this action against R.R. Clunk, a judge in the Court of Common Pleas for Stark County, Ohio, seeking an injunction to annul and vacate a judgment in an action in probate which extinguished plaintiffs' right as legatees and devisees under a will. The probate court's action was based upon a contract made by the decedent to leave his estate to another relative. Plaintiffs claimed that the judgment was entered in violation of their due process rights because they were not given adequate notice and an opportunity to be heard before the final decision made by the probate court. Plaintiffs seek injunctive relief under 42 U.S.C. Sec. 1983. The district court, sua sponte, granted summary judgment for defendant on the ground that the plaintiffs, as nonresident aliens, possessed no legal or constitutional rights to challenge the probate court judgment. We affirm on other grounds.
 
 II.
 
 2
 The plaintiffs were the legatees and devisees under John Marcu's will. Marcu died a resident of Alliance, Ohio, on March 11, 1982, and his will was admitted to probate by Stark County Probate Judge Rubin Wise on March 19, 1982. The First National Bank of Alliance, Ohio, now known as Bank One of Alliance, was appointed as the executor of Marcu's estate.
 
 
 3
 Thereafter, an action was filed against the estate in the Probate Court by John Dalalau to enforce a contract to make a will allegedly entered into by the decedent and to impress a trust upon the assets of Marcu's estate. Dalalau sued the bank as executor, named also as holding the assets of the estate, and all the legatees in Marcu's will, including the plaintiffs herein. Judgment in this action was ultimately entered in favor of Dalalau, and the plaintiffs in the present case filed an action in the United States District Court in northern Ohio against the executor claiming that it had breached its fiduciary duties in failing to defend the action on their behalf. In an appeal by the plaintiffs herein from an adverse judgment, this court discussed the procedural history of the Dalalau action:
 
 
 4
 Copies of the complaint and summons were served on the plaintiffs in this action.
 
 
 5
 First National City Bank of Alliance filed an answer on June 22, 1982 which stated that the executor was without knowledge that an agreement to make a will existed. The plaintiffs here did not file an answer, though one of them wrote a letter to the probate judge attacking the Dalalau claim as not furthering Marcu's intent.
 
 
 6
 After denying Dalalau's motion for default judgment, the matter was set for final hearing on November 17, 1982. Alliance bank received notice of the hearing but the plaintiffs did not. The bank did not appear at the hearing to represent the interests of the plaintiffs nor did it notify them of the time and place of the hearing. On December 8, 1982, attorney Louis Nyerges motioned the probate court to appear on behalf of the plaintiffs. On January 7, 1983, the Stark County Probate Court upheld Dalalau's claim....
 
 
 7
 Though Nyerges filed a motion for a new trial based, in part, on the ground that plaintiffs did not have notice of the hearing, the motion was denied. When Nyerges later appealed on behalf of the plaintiffs, he did not argue the notice issue, citing only the insufficiency of the evidence that the contract existed. The Ohio appellate court affirmed on August 29, 1983, based on the strength of the evidence, citing Ohio Rev.Code Ann. Sec. 2107.04. After the plaintiffs' motion to vacate the probate court's judgment was denied, they brought the present action for breach of fiduciary duty.
 
 
 8
 Peste v. First National City Bank of Alliance, No. 85-3979 (6th Cir., Oct. 22, 1986). In affirming the judgment of the district court in favor of the executor, this court noted "[w]e agree with the district court that even if the plaintiffs' position had been prosecuted to its fullest extent, the judgment in the probate court would have been the same." Id.
 
 
 9
 On January 7, 1985, the plaintiffs filed a motion to set aside judgment in the Stark County Probate Court, which was denied. Thereafter, the plaintiffs filed the present action again in the same district court against Judge Clunk as the duly elected and acting Judge of the Probate Division of the Common Pleas Court of Stark County, Ohio, seeking a mandatory injunction directing Judge Clunk to annul and vacate the judgment entered on January 7, 1983, in favor of Dalalau and seeking reinstatement of their lawsuit against the executor pursuant to 42 U.S.C. Sec. 1983. Plaintiffs now appeal the grant of summary judgment to the defendant in their Sec. 1983 action.
 
 III.
 
 10
 Plaintiffs' present Sec. 1983 action is meritless. First, Judge Clunk is entitled to absolute immunity for actions taken by him within the bounds of his jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1966). Judge Clunk, however, was not the presiding judge at the trial of the Dalalau action and did not enter judgment against plaintiffs in that action. The "act" of Judge Clunk for which plaintiffs seek injunctive relief is his failure in his supervisory capacity as probate judge to annul and vacate the judgment entered in the prior Dalalau action.[1] It is doubtful that defendant had any role in that action. If he did, his "act" or, more properly, omission was clearly within his jurisdiction as probate judge. The case could and should have been dismissed on this basis.
 
 
 11
 Moreover, the merits of plaintiffs' case with regard to the Dalalau action have been fully considered by the Ohio Court of Appeals on direct appeal, the United States District Court for the Northern District of Ohio in plaintiffs' action against the executor, and by this court in plaintiffs' appeal from the district court's judgment against them in that action. Each court found that the evidence in the Dalalau action overwhelmingly established the existence of a contract to make a will, and this court concluded that "even if the plaintiffs' position had been prosecuted to its fullest extent, the judgment in the probate court would have been the same." Plaintiffs' attempt in the instant action to reinstitute their lawsuit against the executor is clearly barred by res judicata. The issue of plaintiffs' failure to take under Marcu's will has been repeatedly litigated and finally decided. Principles of res judicata bar this action.
 
 
 12
 Accordingly, we AFFIRM the judgment of the district court. We further determine that plaintiffs' appeal is frivolous and award double costs to appellee pursuant to Fed.R.App.P. 38 to be assessed against plaintiffs' attorney for pursuing this appeal.
 
 
 
 [1]
 According to plaintiffs' complaint, the judge who presided over the Dalalau action and who entered judgment therein is deceased. It is unclear from the record whether that judge or Judge Clunk issued the denial of plaintiffs' subsequent motion to vacate the judgment